[No. 3265.  Decided March 16, 1900.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD DOLSON, *Appellant.*

BURGLARY—WAREHOUSE—SUFFICIENCY OF INFORMATION.

Under Bal. Code, § 7104, which mentions a warehouse or any building in which goods, merchandise and valuable things are kept for use, sale, or deposit, as subjects of burglary, an information which describes the place burglarized as a "warehouse building" comes properly within the terms of the statute.

SAME—SUFFICIENCY OF EVIDENCE.

A conviction upon an information charging the burglary of a warehouse is supported by evidence showing that the building entered was divided into a lodging house and a warehouse, separate and apart from the lodging house, used for the storage of goods, and that the room entered was in the part of the building devoted to warehouse purposes.

Appeal from Superior Court, King County. — Hon. WILLIAM MCDONALD, Judge.   Affirmed.

*Herbert E. Snook,* for appellant.

*James F. McElroy,* Prosecuting Attorney, *John B. Hart* and *Walter S. Fulton,* for the State.

The opinion of the court was delivered by

REAVIS, J.—Appellant was convicted in the superior court of King county of burglary.   The substantial part

of the information is that the defendant in the county of King, this state, on the 8th of November, 1898, the warehouse building in which goods, wares, and valuable things were then and there kept for use and deposit, the same being the property of C. W. Ostrand and Alex. Lillegran, being situate in the said county and state, the said defendant then and there being, did then and there unlawfully, feloniously, and burglariously break and enter therein, with the intent then and there to commit a misdemeanor, etc. There was no demurrer filed in this case against the information, nor was it attacked in any manner.

At the trial it was shown that Ostrand and Lillegran were the owners of a building in King county; that a large portion of the building was used as a lodging house; that another portion of the same building, which was a separate and distinct part thereof, was used by them as a warehouse where they received and stored goods belonging to others, for hire and safe keeping; that it had been for a long time previous thereto filled with property belonging to various and divers persons; that that portion of the building was used and operated as a warehouse; that in the night time the defendant did unlawfully, feloniously, and burglariously break into and enter the warehouse where such goods were stored and deposited, with intent to commit a misdemeanor; that defendant was apprehended in said warehouse, having broken open several trunks and other property kept and stored therein; that part of the property he had in his possession, and had removed other portions of the property outside of the warehouse.

Two errors are assigned: First, in overruling defendant's motion to dismiss the information; second, in overruling defendant's motion for a new trial. The argument of defendant's counsel is that a warehouse *building* is not mentioned in the statute, and that Ostrand & Lillegran

are not shown to be the owners of a warehouse; and it is argued, from the fact that other parts of the building were used for a lodging house, that the term "warehouse" was incorrectly applied to the storehouse in which the burglarious entry was made; but the evidence shows that a separate and distinct part, and that the room that was entered was the warehouse. Bal. Code, § 7104, mentions a warehouse or any building in which goods, merchandise, and valuable things are kept for use, sale, or deposit as subjects of burglary.

We do not think the use of the word "building" in connection with "warehouse" changes the meaning of the word "warehouse." The information came properly within the terms of the statute, and the evidence was conclusive of the burglarious entry of the defendant.

The judgment is affirmed.

GORDON, C. J., and ANDERS, DUNBAR and FULLERTON, JJ., concur.